**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| DESIREE GILBERG, on behalf of herself, all others similarly situated, *Plaintiff-Appellant*, <br><br> v. <br><br> CALIFORNIA CHECK CASHING STORES, LLC, a California corporation; CHECKSMART FINANCIAL, LLC, a Delaware limited liability company, *Defendants-Appellees.* | No. 17-16263 <br><br> D.C. No. 2:15-cv-02309-JAM-AC <br><br> OPINION |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted November 15, 2018
San Francisco, California

Filed January 29, 2019

Before: Raymond C. Fisher and Milan D. Smith, Jr.,
Circuit Judges, and Lawrence L. Piersol, District Judge.[*]

Opinion by Judge Fisher

---

[*] The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

**SUMMARY**[**]

### Fair Credit Reporting Act

The panel affirmed in part and vacated in part the district court's summary judgment in favor of defendants in an action under the Fair Credit Reporting Act, and remanded for further proceedings.

FCRA requires employers who obtain a consumer report on a job applicant to provide the applicant with a "clear and conspicuous disclosure" that they may obtain such a report (the "clear and conspicuous" requirement) "in a document that consists solely of the disclosure" (the "standalone document" requirement) before procuring the report.

The panel held that a prospective employer violates FCRA's "standalone document" requirement by including extraneous information relating to various state disclosure requirements in that disclosure. The panel concluded that defendant's form violated this requirement, as well as the "standalone document" requirement of California's Investigative Consumer Reporting Agencies Act. The panel further held that defendant's disclosure did not satisfy FCRA's and ICRAA's "clear and conspicuous" requirements because, although the disclosure was conspicuous, it was not clear.

The panel addressed additional issues in a concurrently-filed memorandum disposition.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

H. Scott W. Leviant (argued), Thomas Segal, and Shaun Setareh, Setareh Law Group, Beverly Hills, California, for Plaintiff-Appellant.

Timothy W. Snider (argued) and Chrystal S. Chase, Stoel Rives LLP, Portland, Oregon; Bryan L. Hawkins, Stoel Rives LLP, Sacramento, California; for Defendants-Appellees.

**OPINION**

FISHER, Circuit Judge:

The widespread use of credit reports and background checks led Congress to pass the Fair Credit Reporting Act (FCRA) to protect consumers' privacy rights. FCRA requires employers who obtain a consumer report on a job applicant to provide the applicant with a "clear and conspicuous disclosure" that they may obtain such a report (the "clear and conspicuous requirement") "in a document that consists solely of the disclosure" (the "standalone document requirement") before procuring the report. 15 U.S.C. § 1681b(b)(2)(A)(i). This appeal requires us to decide two questions: (1) whether a prospective employer may satisfy FCRA's standalone document requirement by providing job applicants with a disclosure containing extraneous information in the form of various state disclosure requirements, and (2) whether the specific disclosure provided by the employer in this case satisfied the clear and conspicuous requirement.

We held in *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017), that FCRA contains "clear statutory language that the disclosure document must consist 'solely' of the disclosure." *Id.* at 496. Consistent with *Syed*, we now hold that a prospective employer violates FCRA's standalone document requirement by including extraneous information relating to various state disclosure requirements in that disclosure. We also hold that the disclosure at issue here is conspicuous but not clear. Accordingly, we affirm in part, vacate in part and remand.[1]

## I. Background

In the process of applying for employment with CheckSmart Financial, LLC, Desiree Gilberg completed a three-page form containing an employment application, a math screening and an employment history verification. Two weeks later, Gilberg signed a separate form, entitled "Disclosure Regarding Background Investigation," that is the subject of this litigation. A copy of the disclosure is appended to this opinion. The form appears to have been printed in Arial Narrow, size 8 font.

Because the legal sufficiency of the FCRA disclosure provided to Gilberg is in question, we include the full text of the disclosure:

---

[1] We address Gilberg's remaining contentions in a concurrently filed memorandum disposition.

**DISCLOSURE REGARDING
BACKGROUND INVESTIGATION**

**DISCLOSURE AND
ACKNOWLEDGMENT**

[IMPORTANT – PLEASE READ
CAREFULLY BEFORE SIGNING
ACKNOWLEDGMENT]

*CheckSmart Financial, LLC* may obtain information about you from a consumer reporting agency for employment purposes. Thus, you may be the subject of a 'consumer report' and/or an 'investigative consumer report' which may include information about your character, general reputation, personal characteristics, and/or mode of living, and which can involve personal interviews with sources such as your neighbors, friends, or associates. These reports may include employment history and reference checks, criminal and civil litigation history information, motor vehicle records ('driving records'), sex offender status, credit reports, education verification, professional licensure, drug testing, Social Security Verification, and information concerning workers' compensation claims (only once a conditional offer of employment has been made). Credit history will only be requested where such information is substantially related to the duties and responsibilities of the position for which you are applying. You have the right, upon written request made

within a reasonable time after receipt of this notice, to request whether a consumer report has been run about you, and the nature and scope of any investigative consumer report, and request a copy of your report. Please be advised that the nature and scope of the most common form of investigative consumer report obtained with regard to applicants for employment is an investigation into your education and/or employment history conducted by Employment Screening Services, 2500 Southlake Park, Birmingham, AL 35244, toll-free 866.859.0143, *www.es2.com* or another outside organization. The scope of this notice and authorization is all-encompassing; however, allowing CheckSmart Financial, LLC to obtain from any outside organization all manner of consumer reports and investigative consumer reports now and, if you are hired, throughout the course of your employment to the extent permitted by law. As a result, you should carefully consider whether to exercise your right to request disclosure of the nature and scope of any investigative consumer report.

***New York and Maine applicants or employees only***: You have the right to inspect and receive a copy of any investigative consumer report requested by *CheckSmart Financial, LLC* by contacting the consumer reporting agency identified above directly. You may also contact the Company to request the name, address and telephone

number of the nearest unit of the consumer reporting agency designated to handle inquiries, which the Company shall provide within 5 days.

*New York applicants or employees only*: Upon request, you will be informed whether or not a consumer report was requested by *CheckSmart Financial, LLC*, and if such report was requested, informed of the name and address of the consumer reporting agency that furnished the report.

*Oregon applicants or employees only*: Information describing your rights under federal and Oregon law regarding consumer identity theft protection, the storage and disposal of your credit information, and remedies available should you suspect or find that the Company has not maintained secured records is available to you upon request.

*Washington State applicants or employees only*: You also have the right to request from the consumer reporting agency a written summary of your rights and remedies under the Washington Fair Credit Reporting Act.

### *ACKNOWLEDGMENT AND AUTHORIZATION*

I acknowledge receipt of the NOTICE REGARDING BACKGROUND INVESTIGATION and A SUMMARY OF YOUR RIGHTS UNDER THE FAIR CREDIT REPORTING ACT and certify that

I have read and understand both of those documents. I hereby authorize the obtaining of "consumer reports" and/or "investigative consumer reports" at any time after receipt of this authorization and, if I am hired, throughout my employment. To this end, I hereby authorize, without reservation, any law enforcement agency, administrator, state or federal agency, institution, school or university (public or private), information service bureau, employer, or insurance company to furnish any and all background information requested by ESS, 2500 Southlake Park, Birmingham, AL 35244, toll free 866.859.0143, *www.es2.com*, or another outside organization acting on behalf of *CheckSmart Financial, LLC*, I agree that a facsimile ("fax"), electronic or photographic copy of this Authorization shall be as valid as the original.

*California applicants or employees only*: By signing below, you also acknowledge receipt of the DISCLOSURE REGARDING BACKGROUND INVESTIGATION PURSUANT TO CALIFORNIA LAW. Please check this box if you would like to receive a copy of an investigative consumer report or consumer credit report if one is obtained by the Company at no charge whenever you have a right to receive such a copy under California law.
[ ]
*Minnesota and Oklahoma applicants or employees only*: Check this box if you would

like to receive a free copy of a consumer
report if one is obtained by the Company.
**[ ]**
***New York applicants or employees only***: By
signing below, you also acknowledge receipt
of Article 23-A of the New York Correction
Law.

After receiving Gilberg's signed disclosure form,
CheckSmart obtained a criminal background report, which
confirmed that Gilberg did not have a criminal record.
CheckSmart did not obtain a credit report.  CheckSmart
hired Gilberg, who worked for CheckSmart for five months
before voluntarily terminating her employment.

Gilberg then brought this putative class action against
CheckSmart, alleging two claims relevant here: (1) failure to
make a proper FCRA disclosure and (2) failure to make a
proper disclosure under California's Investigative Consumer
Reporting Agencies Act (ICRAA).

FCRA prohibits an employer from obtaining an
applicant's consumer report without first providing the
applicant with a standalone, clear and conspicuous
disclosure of its intention to do so and without obtaining the
applicant's consent:

Except as provided in subparagraph (B), a
person may not procure a consumer report, or
cause a consumer report to be procured, for
employment purposes with respect to any
consumer, unless –

(i) *a clear and conspicuous disclosure* has
been made in writing to the consumer at any
time before the report is procured or caused

to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

(ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

15 U.S.C. § 1681b(b)(2)(A) (emphasis added).

California imposes its own FCRA-like disclosure requirements. *See* Cal. Civ. Code §§ 1785.20(5)(a), 1786.16(a)(2)(B). Under ICRAA:

(2) If, at any time, an investigative consumer report is sought for employment purposes other than suspicion of wrongdoing or misconduct by the subject of the investigation, the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:

. . .

(B) The person procuring or causing the report to be made provides *a clear and conspicuous disclosure* in writing to the consumer at any time before the report is procured or caused to be made *in a document that consists solely of the disclosure*, that:

(i) An investigative consumer report may be obtained.

. . .

(C) The consumer has authorized in writing the procurement of the report.

*Id.* § 1786.16(a)(2) (emphasis added). As relevant here, the ICRAA and FCRA provisions are identical.

CheckSmart moved for summary judgment on both claims. The district court entered summary judgment against Gilberg, concluding that CheckSmart's disclosure form complied with FCRA and ICRAA. Gilberg timely appealed.

## II. Jurisdiction and Standard of Review

We have jurisdiction under 28 U.S.C. § 1291. We review de novo an order granting summary judgment. *See Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1137 (9th Cir. 2009).

## III. FCRA and ICRAA Standalone Document Requirements

### A. *The Relevant Disclosure Form*

Gilberg contends the relevant document for our analysis includes every form she filled out in the employment process – a total of four pages. We disagree. Gilberg does not offer any judicial authority, legislative history or dictionary definition to support her argument that the word "document," as used in FCRA, encompasses the universe of employment application materials furnished by an employer

to a prospective employee. She relies instead on California contract law, under which "[s]everal contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together." Cal. Civ. Code § 1642. Gilberg, however provides no persuasive reason to extend this contract law principle to FCRA's definition of a document, and we decline to do so. Moreover, under Gilberg's proposed interpretation, it is difficult to see how an employer could ever provide an applicant written application materials without violating FCRA's standalone document requirement.

Gilberg's three-page employment packet was distinct from the one-page disclosure document. The relevant form for our analysis, therefore, is the disclosure form alone, not the entire four pages.

B. *CheckSmart's disclosure form violates FCRA's standalone document requirement.*

Gilberg contends CheckSmart's disclosure form violates FCRA's standalone document requirement. We agree.

We analyzed FCRA's standalone document requirement in *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017). *Syed* held that "a prospective employer violates Section 1681b(b)(2)(A) when it procures a job applicant's consumer report after including a liability waiver in the same document as the statutorily mandated disclosure." *Id*. at 496. We concluded the statute meant what it said: the required disclosure must be in a document that "consist[s] 'solely' of the disclosure." *Id*. We based this holding on the statute's plain language, noting "[w]here congressional intent 'has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive.'" *Id.* at 500 (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 570

(1982)).  "That other FCRA provisions mandating disclosure omit the term 'solely' is further evidence that Congress intended that term to carry meaning in 15 U.S.C. § 1681b(b)(2)(A)(i)."  *Id*. at 501.

CheckSmart contends *Syed* is not applicable here, because the surplusage in *Syed* was a liability waiver, which did "not comport with the FCRA's basic purpose" because it pulled "the applicant's attention away from his privacy rights protected by the FCRA by calling his attention to the rights he must forego if he signs the document."  *Id*. at 502.  CheckSmart argues its disclosure is distinguishable because all of the extraneous information consists of other, state-mandated disclosure information, which furthers rather than undermines FCRA's purpose.

We disagree.  *Syed*'s holding and statutory analysis were not limited to liability waivers; *Syed* considered the standalone requirement with regard to any surplusage.  *See id*. at 501.  *Syed* grounded its analysis of the liability waiver in its statutory analysis of the word "solely," noting that FCRA should not be read to have implied exceptions, especially when the exception – in that case, a liability waiver – was contrary to FCRA's purpose.  *See id*. at 501–03.  *Syed* also cautioned "against finding additional, implied exceptions" simply because Congress had created one express exception.  *Id*. at 501.[2]  Consistent with *Syed*, we decline CheckSmart's invitation to create an implied exception here.

---

[2] FCRA's one express exception to the standalone document requirement, specified in 15 U.S.C. § 1681b(b)(2)(A)(ii), allows the applicant to "authorize in writing" the procurement of a consumer report on the same document as the disclosure.

Although CheckSmart contends its disclosure form is consistent with the congressional purpose of FCRA because it helps applicants understand their state and federal rights, purpose does not override plain meaning. As *Syed* explained, congressional intent "has been expressed in reasonably plain terms" and "that language must ordinarily be regarded as conclusive." *Id.* at 500 (quoting *Griffin*, 458 U.S. at 570). The ordinary meaning of "solely" is "[a]lone; singly" or "[e]ntirely; exclusively." The American Heritage Dictionary of the English Language 1666 (5th ed. 2011). Because CheckSmart's disclosure form does not consist solely of the FCRA disclosure, it does not satisfy FCRA's standalone document requirement.

CheckSmart, moreover, fails to explain how the surplus language in its disclosure form comports with FCRA's purpose. Its disclosure refers not only to rights under FCRA and under ICRAA applicable to Gilberg, but also to rights under state laws inapplicable to Gilberg and to extraneous documents that are not part of the FCRA-mandated disclosure – e.g., a "Notice Regarding Background Investigation" and a "Summary of Your Rights Under the Fair Credit Reporting Act." Because the presence of this extraneous information is as likely to confuse as it is to inform, it does not further FCRA's purpose.

CheckSmart urges us to follow the district court's decision in *Noori v. Vivint, Inc.*, No. CV 16-5491 PA (FFMX), 2016 WL 9083368 (C.D. Cal. Sept. 6, 2016), *aff'd on other grounds*, 726 F. App'x 624 (9th Cir. 2018), which reasoned that the inclusion of information "closely related" to FCRA's disclosure requirements does not violate the standalone document requirement. *Id.* at *5. Our subsequent decision in *Syed*, however, forecloses that approach. *Noori*, moreover, did not explain how to

determine what information would be "closely related" to FCRA's disclosure requirements. Indeed, even "related" information may distract or confuse the reader.

In sum, *Syed* holds that the standalone requirement forecloses implicit exceptions. The statute's one express exception does not apply here, and CheckSmart's disclosure contains extraneous and irrelevant information beyond what FCRA itself requires. The disclosure therefore violates FCRA's standalone document requirement. Even if congressional purpose were relevant, much of the surplusage in CheckSmart's disclosure form does not effectuate the purposes of FCRA. The district court therefore erred in concluding that CheckSmart's disclosure form satisfies FCRA's standalone document requirement.

## C. *CheckSmart's disclosure form also violates ICRAA's standalone document requirement.*

As the parties appear to agree, the standalone document requirements under FCRA and ICRAA are identical. Thus, because we conclude CheckSmart's disclosure violates FCRA, we conclude it violates ICRAA's standalone document requirement as well.

## IV. CheckSmart's disclosure form was not "clear and conspicuous."

FCRA and ICRAA require a disclosure form to be "clear and conspicuous." 15 U.S.C. § 1681b(b)(2)(A)(i); Cal. Civ. Code § 1786.16(a)(2)(B). Neither statute, however, defines the term "clear and conspicuous."

Like other circuits, we "draw upon the wealth of [Uniform Commercial Code (UCC)] and [Truth in Lending Act (TILA)] case law in determining the meaning of 'clear

and conspicuous' under the FCRA." *Cole v. U.S. Capital*, 389 F.3d 719, 730 (7th Cir. 2004); *see also Stevenson v. TRW Inc.*, 987 F.2d 288, 295–96 (5th Cir. 1993) (interpreting "clear and conspicuous" language used in 15 U.S.C. § 1681i(d) with reference to TILA and UCC cases). We adopt our "clear and conspicuous" analysis from *Rubio v. Capital One Bank*, 613 F.3d 1195 (9th Cir. 2010), a TILA disclosure case. In *Rubio*, we explained that clear means "reasonably understandable." *Id.* at 1200 (citation omitted); *accord Applebaum v. Nissan Motor Acceptance Corp.*, 226 F.3d 214, 220 (3d Cir. 2000) (holding in the TILA context that "clear" means the "language used in a disclosure must be cast in [a] reasonably understandable form." (internal quotation marks omitted)). Conspicuous means "readily noticeable to the consumer." *Rubio*, 613 F.3d at 1200 (citation omitted). Because the parties do not argue that ICRAA's clear and conspicuous requirement differs from FCRA's, we apply those definitions to Gilberg's ICRAA claim as well.

Although the "clear and conspicuous" requirement imposes a single statutory obligation, we may analyze each prong separately, *see, e.g.*, *In re Bassett*, 285 F.3d 882, 885 (9th Cir. 2002) (interpreting 11 U.S.C. § 524), and we do so here. In the TILA context, we have said that clarity and conspicuousness are questions of law. *See Rubio*, 613 F.3d at 1200. Because neither party suggests we should treat FCRA differently, we assume for the purposes of our analysis, without deciding, that clarity and conspicuousness under FCRA present questions of law rather than fact.

A. *CheckSmart's disclosure form was not clear.*

CheckSmart's disclosure form is not reasonably understandable for two distinct reasons. First, the disclosure

form contains language that a reasonable person would not understand.  It says:

> The scope of this notice and authorization is all-encompassing; however, allowing CheckSmart Financial, LLC to obtain from any outside organization all manner of consumer reports and investigative consumer reports now and, if you are hired, throughout the course of your employment to the extent permitted by law.

The beginning of this sentence does not explain how the authorization is all-encompassing and how that would affect an applicant's rights.  The second half of the sentence, following the semicolon, lacks a subject and is incomplete. It suggests that there may be some limits on the all-encompassing nature of the authorization, but it does not identify what those limits might be.

Second, the disclosure would confuse a reasonable reader because it combines federal and state disclosures. The disclosure, for example, states: "New York and Maine applicants or employees only:  You have the right to inspect and receive a copy of any investigative consumer report requested by CheckSmart Financial, LLC by contacting the consumer reporting agency identified above directly."  A reasonable reader might think that only New York and Maine applicants could contact the consumer reporting agency to get a copy of the report.  Such an understanding would be contrary to both FCRA and ICRAA. *See* 15 U.S.C. § 1681m(3)–(4); Cal. Civ. Code § 1786.22.

We hold, therefore, that the district court erred by deeming CheckSmart's disclosure form clear.

B.  *CheckSmart's disclosure form was conspicuous.*

The district court properly concluded, however, that CheckSmart's disclosure form is conspicuous.  As noted, conspicuous means "readily noticeable to the consumer." *Rubio*, 613 F.3d at 1200.  CheckSmart capitalized, bolded and underlined the headings for each section of the disclosure and labeled the form so an applicant could see what she was signing.  Although the font is small and cramped (we think inadvisably so), it is legible.  All relevant information appears on the front of the page and the headings help applicants understand the purpose of the form.  The disclosure, therefore, is conspicuous.

Nevertheless, because CheckSmart's disclosure form was not both clear *and* conspicuous, the district erred in granting CheckSmart's motion for summary judgment with regard to the FCRA and ICRAA "clear and conspicuous" requirements.

## V.  Conclusion

We hold that the district court erred by concluding that the standalone document requirements of FCRA and ICRAA were satisfied here.  We further hold that CheckSmart's disclosure satisfies the FCRA and ICRAA requirements for conspicuousness but not for clarity.  For these reasons, and the reasons stated in our contemporaneously filed memorandum disposition, we affirm in part and vacate in part the judgment of the district court, and we remand for further proceedings consistent with these dispositions. Each party shall bear its own costs of appeal.

**AFFIRMED IN PART; VACATED IN PART; REMANDED.**

# Appendix A

| Client Name: | Checksmart Financial, LLC | Client Account Number: | 841913 |
| Client Contact: | | Client Phone Number: | |
| Client Email: | | | |

## DISCLOSURE REGARDING BACKGROUND INVESTIGATION
### DISCLOSURE AND ACKNOWLEDGMENT [IMPORTANT -- PLEASE READ CAREFULLY BEFORE SIGNING ACKNOWLEDGMENT]

Checksmart Financial, LLC  may obtain information about you from a consumer reporting agency for employment purposes. Thus, you may be the subject of a "consumer report" and/or an "investigative consumer report" which may include information about your character, general reputation, personal characteristics, and/or mode of living, and which can involve personal interviews with sources such as your neighbors, friends, or associates. These reports may include employment history and reference checks, criminal and civil litigation history information, motor vehicle records ("driving records"), sex offender status, credit reports, education verification, professional licensure, drug testing, Social Security Verification, and information concerning workers' compensation claims (only once a conditional offer of employment has been made). Credit history will only be requested where such information is substantially related to the duties and responsibilities of the position for which you are applying. You have the right, upon written request made within a reasonable time after receipt of this notice, to request whether a consumer report has been run about you, and the nature and scope of any investigative consumer report, and request a copy of your report. Please be advised that the nature and scope of the most common form of investigative consumer report obtained with regard to applicants for employment is an investigation into your education and/or employment history conducted by Employment Screening Services, 2500 Southlake Park, Birmingham, AL 35244, toll-free 866.859.0143, www.es2.com or another outside organization. The scope of this notice and authorization is all-encompassing; however, allowing Checksmart Financial, LLC to obtain from any outside organization all manner of consumer reports and investigative consumer reports now and, if you are hired, throughout the course of your employment to the extent permitted by law. As a result, you should carefully consider whether to exercise your right to request disclosure of the nature and scope of any investigative consumer report.

New York and Maine applicants or employees only: You have the right to inspect and receive a copy of any investigative consumer report requested by Checksmart Financial, LLC by contacting the consumer reporting agency identified above directly. You may also contact the Company to request the name, address and telephone number of the nearest unit of the consumer reporting agency designated to handle inquiries, which the Company shall provide within 5 days.

New York applicants or employees only: Upon request, you will be informed whether or not a consumer report was requested by  Checksmart Financial, LLC   , and if such report was requested, informed of the name and address of the consumer reporting agency that furnished the report.

Oregon applicants or employees only: Information describing your rights under federal and Oregon law regarding consumer identity theft protection, the storage and disposal of your credit information, and remedies available should you suspect or find that the Company has not maintained secured records is available to you upon request.

Washington State applicants or employees only: You also have the right to request from the consumer reporting agency a written summary of your rights and remedies under the Washington Fair Credit Reporting Act.

### ACKNOWLEDGMENT AND AUTHORIZATION

I acknowledge receipt of the NOTICE REGARDING BACKGROUND INVESTIGATION and A SUMMARY OF YOUR RIGHTS UNDER THE FAIR CREDIT REPORTING ACT and certify that I have read and understand both of those documents. I hereby authorize the obtaining of "consumer reports" and/or "investigative consumer reports" at any time after receipt of this authorization and, if I am hired, throughout my employment. To this end, I hereby authorize, without reservation, any law enforcement agency, administrator, state or federal agency, institution, school or university (public or private), information service bureau, employer, or insurance company to furnish any and all background information requested by ESS, 2500 Southlake Park, Birmingham, AL 35244, toll free 866.859.0143, www.es2.com, or another outside organization acting on behalf of Checksmart Financial, LLC. I agree that a facsimile ("fax"), electronic or photographic copy of this Authorization shall be as valid as the original.

California applicants or employees only: By signing below, you also acknowledge receipt of the DISCLOSURE REGARDING BACKGROUND INVESTIGATION PURSUANT TO CALIFORNIA LAW.    Please check this box if you would like to receive a copy of an investigative consumer report or  consumer credit report if one is obtained by the Company at  no charge whenever you have a right to receive such a copy under California law. ☐
Minnesota and Oklahoma applicants or employees only: Check this box if you would like to receive a free copy of a consumer report if one is obtained by the Company. ☐
New York applicants or employees only: By signing below, you also acknowledge receipt of Article 23-A of the New York Correction Law.

_____                                     _____
Signature of Employee or Prospective Employee                                                          Date

### APPLICANT INFORMATION: TO BE COMPLETED BY APPLICANT: PLEASE USE BLACK INK
The following is for identification purposes only to perform the background check and will not be used for any other purpose.

| Print: Last Name | | First Name | | Middle Initial |
| Date of Birth | Social Security Number | | Driver's License Number | State |
| Email Address: | | | | |
| Current Address: | | City | State | Zip Code |
| Previous Address (Past 7 Years): | | City | State | Zip Code |
| Previous Address (Past 7 Years): | | City | State | Zip Code |
| Alias Names (Other names I have been known by): | | | | |
| Degree Obtained | Year Graduated | Name of School | | City and State of School |
| Last Name Used at Time of Graduation | | | | |

1/1/13

EXHIBIT 14
B
61/bhs