**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEONARD LUNA, on behalf of themselves and all others similarly situated; IAN HALL, *Plaintiffs-Appellants*, <br><br> v. <br><br> HANSEN AND ADKINS AUTO TRANSPORT, INC., a California Corporation; DOES, 1–10, inclusive, *Defendants-Appellees.* | No. 18-55804 <br><br> D.C. No. 8:17-cv-00990-DOC-KES <br><br><br> OPINION |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted November 4, 2019[*]
Pasadena, California

Filed April 24, 2020

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  Jerome Farris, M. Margaret McKeown, and Barrington D. Parker, Jr.,[**] Circuit Judges.

Opinion by Judge McKeown

---

## SUMMARY[***]

---

### Fair Credit Reporting Act

Affirming the district court's summary judgment in favor of defendant, the panel held that an employer does not violate the Fair Credit Reporting Act by providing a FCRA disclosure simultaneously with other employment materials, and by failing to place a FCRA authorization on a standalone document.

The panel held that 15 U.S.C. § 1681b(b)(2)(A)(i), forbidding procurement of a consumer report for employment purposes unless "a clear and conspicuous disclosure has been made in writing to the consumer . . . in a document that consists solely of the disclosure," does not prohibit the presentation of the disclosure together with other application materials.  The panel held that the co-presentation of the disclosure and an authorization did not render the disclosure neither clear nor conspicuous.  Further, the FCRA requires only that a consumer authorization be "in

---

[**] The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

[***] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

writing," not that it be put in a clear and conspicuous, standalone document.

## COUNSEL

Aashish Y. Desai and Adrianne DeCastro, Desai Law Firm, Costa Mesa, California, for Plaintiffs-Appellants.

Victor J. Consentino, Larson & Gaston LLP, Pasadena, California, for Defendant-Appellee.

## OPINION

McKEOWN, Circuit Judge:

Leonard Luna joins a long line of litigants challenging aspects of the federal consumer credit report regime. His theory, however, is more novel than most: Luna contends an employer violates the Fair Credit Reporting Act ("FCRA") by providing a FCRA disclosure simultaneously with other employment materials, and by failing to place a FCRA authorization on a standalone document. His argument is thwarted by the statute itself. We affirm the district court's summary adjudication of Luna's claim.

Luna is a former employee of Hansen & Adkins, a vehicle transportation business employing over 1,100 big rig truckers, mechanics, dispatchers, and other support staff. His FCRA claim stems from Hansen & Adkins's hiring process, which involved a Commercial Driver Employment Application ("the Application"). This multi-form, multi-page application included notices and authorizations

permitting Hansen & Adkins to retrieve safety history and driving records, and conduct drug and background checks.[1]

Job applicants signed two documents related to consumer reports. One, "the disclosure," appeared on a separate sheet of paper, and informed applicants "that reports verifying your previous employment, previous drug and alcohol test results, and your driving record may be obtained on you for employment purposes." The other, "the authorization," indicated that an applicant's signature authorized Hansen & Adkins "or their subsidiaries or agents to investigate my previous record of employment." The authorization appeared at the end of the Application, and included other notices, waivers, and agreements unrelated to acquiring the consumer report.

Luna filed a putative class action alleging Hansen & Adkins's hiring process violated FCRA's disclosure and authorization requirements. We review de novo the district court's grant of summary judgment, viewing the evidence in the light most favorable to Luna, the non-moving party. *United States v. Phattey*, 943 F.3d 1277, 1280 (9th Cir. 2019).

FCRA forbids procurement of a consumer report for employment purposes unless "a clear and conspicuous disclosure has been made in writing to the consumer . . . in a document that consists solely of the disclosure." 15 U.S.C.

---

[1] Background checks such as these are classified as consumer reports under FCRA, as they are provided by credit reporting agencies and concern an applicant's "character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for…employment purposes." 15 U.S.C.A. § 1681a(d)(1)(B).

§ 1681b(b)(2)(A)(i).     Luna claims Hansen & Adkins violated this provision by presenting the disclosure together with other application materials.  This argument stretches the statute's requirements beyond the limits of law and common sense.  It is true that FCRA requires "that a disclosure form contain nothing more than the disclosure itself," *Walker v. Fred Meyer, Inc*., No. 18-35592, 2020 WL 1316691, at \*5 (9th Cir. Mar. 20, 2020), but no authority suggests that a disclosure must be distinct in time, as well.

Luna nevertheless attempts to bootstrap FCRA's physical requirement into a temporal one, relying on *Syed v. M-I, LLC,* 853 F.3d 492 (9th Cir. 2017).  In *Syed*, we held that the inclusion of a liability waiver in a disclosure document violated FCRA, because the statute "unambiguously requires a document that 'consists solely of the disclosure.'"     *Id.* at 500 (citing 15 U.S.C. § 1681b(b)(2)(A)(i)).  Observing that the "ordinary meaning of 'solely' is '[a]lone; singly' or '[e]ntirely; exclusively,'" we concluded that FCRA precludes the inclusion of any terms besides a disclosure and an exempted authorization. *Id.* (citing *American Heritage Dictionary of the English Language* 1666 (5th ed. 2011)); *see also Walker*, 2020 WL 1316691 at \*5 ("Simply put, the disclosure form should not contain any extraneous information." (internal punctuation and citation omitted)).  But nothing in *Syed* can be read to prohibit an employer from providing a standalone FCRA disclosure contemporaneously with other employment documents.

Indeed, we decisively rejected this argument last year, noting that no "judicial authority, legislative history or dictionary definition" supports the proposition "that the word 'document,' as used in FCRA, encompasses the universe of employment application materials furnished by

an employer to a prospective employee." *Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1169, 1174 (9th Cir. 2019). Were we to accept Luna's argument that a FCRA disclosure cannot be presented together with other employment documents, "it is difficult to see how an employer could ever provide an applicant written application materials without violating FCRA's standalone document requirement." *Id.* Hansen & Adkins's disclosure may have been provided alongside other application materials, but it appeared in a standalone document—precisely what FCRA requires.

The disclosure is similarly "clear and conspicuous," which we have interpreted in the context of FCRA to mean a "reasonably understandable form" that is "readily noticeable to the consumer." 15 U.S.C. § 1681b(b)(2)(A)(i); *Gilberg*, 913 F.3d at 1176 (citations omitted). The disclosure, entitled "**FAIR CREDIT REPORTING ACT DISCLOSURE STATEMENT**," explains in plain language that, as required by law, the applicant is "**informed that reports verifying your previous employment, previous drug and alcohol test results, and your driving record may be obtained on you for employment purposes**." Aside from this notice, the disclosure contains nothing but the employer logos and signature lines. It is reproduced below.







**FAIR CREDIT REPORTING ACT DISCLOSURE STATEMENT**

In accordance with the provisions of Section 604(b)(2)(A) of the Fair Credit Reporting Act Public Law 91-508, as amended by the Consumer Credit Reporting Act of 1996 (Title II, Subtitle D, Chapter I, of the Public Law 104-208), you are being informed that reports verifying your previous employment, previous drug and alcohol test results, and your driving record may be obtained on you for employment purposes. These reports are required by Sections 382, 413, 391.23, and 391.25 of the Federal Motor Carrier Safety Regulations.

_____
Applicant's Signature

_____
Print Name

2/5/14
_____
Date

Luna contends the co-presentation of the disclosure and authorization renders the disclosure neither clear nor conspicuous. But it is both, and applicants, such as big-rig truckers, can be expected to notice a standalone document featuring a bolded, underlined, capital-lettered heading.

Luna argues Hansen & Adkins also violated FCRA by failing to put the authorization in a clear and conspicuous, standalone document. This attempted wholesale importation of FCRA's disclosure requirements runs aground on the statutory language, which provides only that a prospective employer must obtain the authorization "in writing." 15 U.S.C. § 1681b(b)(2)(A)(ii). Crucially, the authorization subsection of FCRA lacks the disclosure subsection's

standalone document requirement.  *Compare* 15 U.S.C. § 1681b(b)(2)(A)(ii)  *with*  15 U.S.C. § 1681b(b)(2)(A)(i). "[T]he authorization form is not relevant to the disclosure form standard set forth in the statute where, as here, the authorization is not included in the Disclosure."  *Walker*, 2020 WL 1316691 at \*4 n.3.  As FCRA dictates only that a consumer authorization be "in writing," without specifying its format, Hansen & Adkins's authorization conformed to the requirements of the statute.

**AFFIRMED.**