**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

BRITTANY WYNN, on behalf of herself and all others similarly situated,

Plaintiff-Appellant,

v.

UNITED PARCEL SERVICE, INC., an Ohio corporation,

Defendant-Appellee.

---

No.  23-15448

D.C. No. 3:21-cv-10029-CRB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted March 13, 2024
San Francisco, California

Before:  S.R. THOMAS, MCKEOWN, and CHRISTEN, Circuit Judges.

Plaintiff-Appellant Brittany Wynn appeals from the district court's dismissal

without leave to amend of her putative class action against Defendant-Appellee

United Parcel Service, Inc. (UPS).

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The district court had federal question jurisdiction over Wynn's Fair Credit Reporting Act (FCRA) claims, 28 U.S.C. § 1331, we have jurisdiction to review dismissals without leave to amend under 28 U.S.C. § 1291, and we affirm the judgment of the district court. Because the parties are familiar with the facts and procedural history of the case, we need not recount it here.

"We review de novo an order granting a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021). "Denial of leave to amend is reviewed for an abuse of discretion." *Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011). A "district court does not err in denying leave to amend where the amendment would be futile." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)). "[W]e review the futility of amendment de novo." *Cohen v. ConAgra Brands, Inc.*, 16 F.4th 1283, 1287 (9th Cir. 2021). Finally, "we review de novo the district court's construction of the FCRA, because the interpretation of a statute is a question of law." *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082, 1086 (9th Cir. 2020).

Wynn alleges that UPS's online consumer report disclosure violated the FCRA. The FCRA "forbids procurement of a consumer report for employment

purposes unless 'a clear and conspicuous disclosure has been made in writing to the consumer . . . in a document that consists solely of the disclosure.'" *Luna v. Hansen and Adkins Auto Transport, Inc.*, 956 F.3d 1151, 1152 (9th Cir. 2020) (quoting 15 U.S.C. § 1681b(b)(2)(A)(i)). This circuit interprets the standalone disclosure requirement to consist of two prongs. First, the disclosure must be presented in a document devoid of extraneous information, that is, the disclosure is presented "alone; singly or entirely; exclusively." *Walker*, 953 F.3d at 1087 (cleaned up). Second, the disclosure must be clear, meaning "reasonably understandable," and conspicuous, meaning "readily noticeable to the consumer." *Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1169, 1176–77 (9th Cir. 2019) (quoting *Rubio v. Cap. One Bank*, 613 F.3d 1195, 1200 (9th Cir. 2010)).

I

The district court did not err in concluding that the inclusion of a checkbox on UPS's disclosure webpage did not violate the standalone disclosure requirement. The checkbox appears below the text of UPS's disclosure in a brown box with text that reads: "I agree that my electronic signature is the legally binding equivalent to my handwritten signature. By my electronic signature, I acknowledge that I have carefully reviewed this Agreement and understand its contents." Wynn argues this checkbox is extraneous to the disclosure.

The district court properly concluded that UPS's checkbox following its disclosure does not violate the FCRA's standalone disclosure requirement. The FCRA excepts authorizations for consumer reports from the standalone disclosure requirement. 15 U.S.C. § 1681b(b)(2)(A)(ii) ("[A]uthorization may be made on the [disclosure] document . . . ."). After checking the box on the disclosure page, the applicant is taken to the authorization page, which reads in relevant part: "I voluntarily and fully authorize United Parcel Service, Inc. ('UPS') to obtain consumer reports on me for employment purposes as set forth in the Disclosure of Intention to Obtain Consumer Report for Employment Purposes, which I received separately and signed to acknowledge my receipt and understanding." Checking the box is a requirement of, thus part of, UPS's authorization, and does not violate the standalone disclosure requirement.

## II

The district court properly concluded that UPS's disclosure did not misstate the law. Wynn asserts that UPS's disclosure violates both prongs of the standalone disclosure requirement because the disclosure states that UPS can obtain multiple consumer reports on the basis of a single authorization. UPS's disclosure reads: "These consumer reports may be obtained by UPS at any time after the receipt of your authorization to obtain the reports, and, if you are hired by UPS, throughout your employment with UPS, subject to applicable law." Wynn contends that a new authorization is required each time UPS wants to obtain another report.

Wynn's reading of the FCRA is incorrect. The Act states that an employer can obtain a consumer report if "a clear and conspicuous disclosure has been made in writing to the consumer *at any time* before the report is procured or caused to be procured" and "the consumer has authorized in writing . . . the procurement of the report by that person." 15 U.S.C. § 1681b(b)(2)(A) (emphasis added). The FCRA's requirements on this matter are relatively slim. So long as "a . . . disclosure" has been made "at any time before the report is procured" and it has been "authorized," then it is permitted by the FCRA. The Act's language does not support Wynn's interpretation—it does not require that "each consumer report" requires a new authorization. If an employer discloses its intent to obtain multiple

5

reports, and the applicant agrees to that term in the authorization, obtaining a subsequent report does not violate the FCRA. This result is consistent with persuasive guidance from the Federal Trade Commission. U.S. Fed. Trade Comm'n, Opinion Letter on Section 604(b)(2) of the Fair Credit Reporting Act (Aug. 5, 1998), 1998 WL 34323729, at *2. UPS's disclosure is accurate.

III

The district court did not err in concluding that the external links present in the headers and footers of UPS's disclosure webpage did not violate the standalone disclosure requirement. The links at issue include navigational tools to other parts of UPS's website, social media icons, and the applicant's progress bar, all positioned in the background margins of the page, framing the offset white text box containing the disclosure. None contain substantive or competing information about the applicant's privacy rights, and the background does not change as the applicant progresses through the job application.

These links do not violate the standalone disclosure requirement. We have held that some substantive information violates the standalone disclosure requirement, like liability waivers or statements of state law, because that text "pulls the applicant's attention away from [her] privacy rights." *Syed v. M-I, LLC*, 853 F.3d 492, 502 (9th Cir. 2017); *Gilberg*, 913 F.3d at 1175–76. But we have

6

also held certain features of job applications, such as a disclosure's appearance in a packet of information or employer logos and signature lines, do not violate the requirement because adopting a contrary rule would make it "difficult to see how an employer could ever provide an applicant written application materials without violating FCRA's standalone document requirement." *Gilberg*, 913 F.3d at 1174; *Luna*, 956 F.3d at 1153. The links at issue are closer to those types of information that do not violate the standalone document requirement. Unlike a disclosure's discussion of additional privacy rights a consumer might have, the type of information presented by the external links does not compete with the disclosure. Rather, the links serve to confirm to the applicant they remain on UPS's website, present them with standard navigational options, and "focus[] the applicant's attention on the FCRA disclosure rather than detracting from it." *Walker*, 953 F.3d at 1088.

## IV

Because we agree with the district court that there was no violation of the FCRA, we need not—and do not—reach the issue of willfulness, nor do we reach any other issue raised by the parties.

**AFFIRMED.**