NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 21 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SALNAVE KEEFER, on behalf of himself and all others similarly situated, | No. 23-15225 |
| Plaintiff-Appellant, | D.C. No. 4:21-cv-07503-HSG |
| v. | MEMORANDUM* |
| RYDER INTEGRATED LOGISTICS, INC., a Delaware corporation; HADCO METAL TRADING CO., LLC, a Delaware corporation, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted March 13, 2024**
San Francisco, California

Before: S.R. THOMAS, McKEOWN, and CHRISTEN, Circuit Judges.

Salnave Keefer, a former employee of Ryder Integrated Logistics, Inc.

(Ryder), appeals the district court's order granting summary judgment to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Defendants on Keefer's challenges to Fair Credit Reporting Act (FCRA) disclosures he viewed online when applying for a job. Because the parties are familiar with the facts, we do not recount them here. We "review the appeal of a summary judgment ruling de novo, applying 'the same standard used by the trial court under Federal Rule of Civil Procedure 56(c).'" *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1311 (9th Cir. 2022) (quoting *Fontana v. Haskin*, 262 F.3d 871, 876 (9th Cir. 2001)). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. Ryder's Background Investigation Disclosure satisfied the FCRA's requirement that a disclosure be "clear and conspicuous." 15 U.S.C. § 1681b(b)(2)(A)(i). A disclosure is "clear" if it is "reasonably understandable" and unclear if it "would confuse a reasonable reader" or if "a reasonable person would not understand" the language. *Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1169, 1176–77 (9th Cir. 2019). The three phrases Keefer challenges in the Background Investigation Disclosure—"third-party agency," "the Company," and "appointment and/or contract terms"—are all clear because a reasonable person would understand their meaning in the context of the disclosure and job application. Keefer does not challenge the district court's finding that the disclosure was conspicuous, so that argument is forfeited. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

2. The Background Investigation Disclosure also satisfied the FCRA's requirement that a disclosure be provided "in a document that consists solely of the disclosure." 15 U.S.C. § 1681b(b)(2)(A)(i). The FCRA does "not allow for the inclusion of any extraneous information in the consumer report disclosure." *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082, 1084 (9th Cir. 2020) (citing *Gilberg*, 913 F.3d at 1175–76). The phrases "third-party agency" and "appointment and/or contract terms" and the list of background information that could be collected are not extraneous because "some concise explanation of what [a] phrase means may be included as part of the 'disclosure' required by [the FCRA]." *Id.*

The elements of the online application that Keefer challenges, including company logos, a progress bar, and a hyperlinked "Application FAQs" at the bottom of the page, are not extraneous because they appear identically on every page of the online application, do not overlap with the text of the disclosure, and contain only brief and non-substantive text. These header and footer elements do not "pull[] the applicant's attention away" from the text of the disclosure, *Syed v. M-I, LLC*, 853 F.3d 492, 502 (9th Cir. 2017), and would not "confuse" a reasonable job applicant, *Gilberg*, 913 F.3d at 1176.

**AFFIRMED.**